# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARK ALAN STEFFES, <br><br> Defendant. | No. CR15-3019-LTS <br><br> **REPORT AND RECOMMENDATION REGARDING DEFENDNT'S MOTION TO DISMISS** |

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This matter came before the Court on defendant's Motion to Dismiss.  Doc. 95. Defendant had previously filed a Motion for Permission to File Untimely Motion to Dismiss.  Doc. 92.  The deadline for filing a motion to dismiss was July 20, 2015, some six months ago.  Doc. 15.  Nevertheless, the Court granted defendant's motion to file the untimely motion.  Doc. 94.  Upon consideration of the merits of defendant's motion to dismiss, the Court finds that it lacks merits for the reasons set forth below.

Defendant is charged with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).  Doc. 2.  Defendant's prior felony conviction was a July 22, 2004, conviction, in the United States District Court for the Northern District of Iowa, for being a misdemeanant domestic abuser in possession of firearms.  Defendant identifies four grounds for dismissal of the indictment, pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure. The court will address each below.

## II.   APPLICABLE STANDARDS

Federal Rule of Criminal Procedure 12(b) authorizes pretrial motions to present "any defense, objection, or request that the court can determine without a trial on the

merits." Fed. R. Crim. P. 12(b)(1). Certain defenses and objections are waived if not raised by pretrial motion, including "a defect in the indictment" and "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). An indictment is defective, and thus subject to pretrial challenge pursuant to Fed. R. Crim. P. 12(b)(3)(B), if it alleges a violation of a statute that is unconstitutional. *See, e.g.*, *United States v. Brown,* 715 F. Supp. 2d 688, 689-90 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)).

### III. DISCUSSION

Defendant first argues that he was wrongfully convicted of domestic assault in 1994, because the victim has since recanted. Doc. 95-1, at 2. Defendant reasons that if his prior domestic abuse conviction was in error, then so, too, was his 2004 felony conviction for possessing a firearm, and therefore, he cannot be now charged with being a felon in possession of a firearm. *Id*. Defendant's domino theory of defense fails, however, because, as defendant acknowledges (Doc. 95-1, at 2-3), the Supreme Court has foreclosed defendants from collaterally attacking prior convictions that serve as predicate offenses for the illegal possession of firearms. *See Lewis v. United States*, 445 U.S. 55, 62-63 (1980). The *Lewis* Court explained that there is nothing in the statute, Title 18, United States Code, Section 922, that would allow a defendant to challenge a prior conviction. Rather, the Court explained, "Congress clearly intended that the defendant clear his status before obtaining a firearm." *Lewis*, 455 U.S. at 64. Therefore, defendant is prohibited from possessing a firearm even if the underlying conviction is subject to collateral attack. *See also United States v. Bena*, 664 F.3d 1180, 1185-86 (8th Cir. 2011) (citing *Lewis* and holding that a defendant cannot collaterally attack a prior conviction to evade a Section 922 charge); *United States v. Dorsch*, 363 F.3d 784, 787 (8th Cir. 2004) (citing *Lewis* and holding that the alleged invalidity of a prior felony conviction is not a defense to a Section 922(g)(1) charge). Here, of course, defendant has a multi-layered problem, given his domino theory. Not only can he not

collaterally attack his underlying domestic abuse conviction, he cannot collaterally attack his prior felony conviction. *See also Custis v. United States*, 511 U.S. 485, 497 (1994) (holding that in firearms cases, predicate offenses are not open to collateral attack); *United States v. Elliott*, 128 F.3d 671, 672 (8th Cir. 1997) (same).

Defendant next argues that his prior felony conviction violated the Ex Post Facto Clause. Doc. 95-1, at 3. The United States Constitution states that "[n]o . . . ex post facto Law shall be passed." U.S. Const. Art. I § 9, cl. 3. This means that Congress cannot pass a law that makes illegal conduct occurring prior to the passage of the law. *Lynce v. Mathis*, 519 U.S. 433, 411 (1997). In 1996, Congress enacted Section 922(g)(9), which makes it a federal offense for anyone with a prior misdemeanor crime of domestic violence to possess a firearm. Defendant was convicted of domestic abuse assault in 1994, prior to enactment of the law. Importantly, however, defendant possessed the firearm after enactment of the law, which led to his 2004 conviction. The Eighth Circuit Court of Appeals has squarely addressed the argument defendant now makes and rejected it. In *United States v. Pfeifer*, 371 F.3d 430, 436-37 (8th Cir. 2004), the Court held that because the defendant possessed the firearm after passage of the law, it is immaterial when he was convicted of the domestic abuse conviction that made it illegal for him to possess a firearm. Furthermore, defendant's argument is again foreclosed by *Lewis* because defendant cannot now attempt to collaterally attack the validity of his 2004 felony conviction, for the reasons explained above.

Defendant next argues that the current indictment must be dismissed because back in 2004, a federal prosecutor made a statement about looking into dismissing the charge against defendant at that time. Doc. 95-1, at 3-4. Again, this argument is foreclosed by *Lewis*. Defendant cannot collaterally attack the validity of his prior conviction. If he believed he was wrongfully convicted, he could have taken steps to challenge the validity of that conviction prior to coming into possession of a firearm again, which led

3

to the charges in this case. He cannot knowingly possess a firearm after being convicted of a felony offense and then argue that the conviction is invalid.

Finally, defendant attempts again to collaterally attack his prior conviction by claiming that he was "overmedicated" at the time he pled guilty to the felony offense in 2004. Doc. 95-1, at 4. The Court need not wade into a retrospective competency determination regarding defendant's prior conviction. Again, *Lewis* forecloses a collateral attack on a prior conviction. Defendant could have attempted to challenge his prior conviction, but did not do so. It is too late to do so now.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth herein, I RESPECTFULLY RECOMMEND that defendant's motion to dismiss the indictment (Doc. 95) be **denied**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 1st day of March, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa