# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARK ALAN STEFFES, <br><br> Defendant. | No. CR15-3019-LTS <br><br> **MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed on March 1, 2016, by the Honorable C.J. Williams, United States Magistrate Judge.  *See* Doc. No. 99.  Judge Williams recommends that I deny defendant Mark Alan Steffes' motion (Doc. No. 95) to dismiss.  Neither party filed timely objections.  As such, any objections are now deemed waived.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).  The factual and procedural background is set forth in the R&R and will be repeated herein only to the extent necessary.

## II.  APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or

> recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any
> issue need only ask. Moreover, while the statute does not require the judge
> to review an issue *de novo* if no objections are filed, it does not preclude
> further review by the district judge, sua sponte or at the request of a party,
> under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).


### III. THE R&R

Judge Williams set out the appropriate standards for considering a motion to dismiss and provided a detailed analysis of Steffes' arguments:

> ### II. APPLICABLE STANDARDS
> Federal Rule of Criminal Procedure 12(b) authorizes pretrial
> motions to present "any defense, objection, or request that the court can
> determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).
> Certain defenses and objections are waived if not raised by pretrial motion,

including "a defect in the indictment" and "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). An indictment is defective, and thus subject to pretrial challenge pursuant to Fed. R. Crim. P. 12(b)(3)(B), if it alleges a violation of a statute that is unconstitutional. *See, e.g., United States v. Brown*, 715 F. Supp. 2d 688, 689-90 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)).

### III. DISCUSSION

Defendant first argues that he was wrongfully convicted of domestic assault in 1994, because the victim has since recanted. (Doc. 95-1, at 2). Defendant reasons that if his prior domestic abuse conviction was in error, then so, too, was his 2004 felony conviction for possessing a firearm, and therefore, he cannot be now charged with being a felon in possession of a firearm. *Id*. Defendant's domino theory of defense fails, however, because, as defendant acknowledges (Doc. 95-1, at 2-3), the Supreme Court has foreclosed defendants from collaterally attacking prior convictions that serve as predicate offenses for the illegal possession of firearms. *See Lewis v. United States*, 445 U.S. 55, 62-63 (1980). The *Lewis* Court explained that there is nothing in the statute, Title 18, United States Code, Section 922, that would allow a defendant to challenge a prior conviction. Rather, the Court explained, "Congress clearly intended that the defendant clear his status before obtaining a firearm." *Lewis*, 455 U.S. at 64. Therefore, defendant is prohibited from possessing a firearm even if the underlying conviction is subject to collateral attack. *See also United States v. Bena*, 664 F.3d 1180, 1185-86 (8th Cir. 2011) (citing *Lewis* and holding that a defendant cannot collaterally attack a prior conviction to evade a Section 922 charge); *United States v. Dorsch*, 363 F.3d 784, 787 (8th Cir. 2004) (citing *Lewis* and holding that the alleged invalidity of a prior felony conviction is not a defense to a Section 922(g)(1) charge). Here, of course, defendant has a multi-layered problem, given his domino theory. Not only can he not collaterally attack his underlying domestic abuse conviction, he cannot collaterally attack his prior felony conviction. *See also Custis v. United States*, 511 U.S. 485, 497 (1994) (holding that in firearms cases predicate offenses are not open to collateral attack); *United States v. Elliott*, 128 F.3d 671, 672 (8th Cir. 1997) (same).

Defendant next argues that his prior felony conviction violated the Ex Post Facto Clause. (Doc. 95-1, at 3). The United States Constitution states that "[n]o . . . ex post facto Law shall be passed." U.S. Const. Art. I § 9, cl. 3. This means that Congress cannot pass a law that makes illegal

3

conduct occurring prior to the passage of the law. *Lynce v. Mathis*, 519 U.S. 433, 411 (1997). In 1996, Congress enacted Section 922(g)(9), which makes it a federal offense for anyone with a prior misdemeanor crime of domestic violence to possess a firearm. Defendant was convicted of domestic abuse assault in 1994, prior to enactment of the law. Importantly, however, defendant possessed the firearm after enactment of the law, which led to his 2004 conviction. The Eighth Circuit Court of Appeals has squarely addressed the argument defendant now makes and rejected it. In *United States v. Pfeifer*, 371 F.3d 430, 436-37 (8th Cir. 2004), the Court held that because the defendant possessed the firearm after passage of the law, it is immaterial when he was convicted of the domestic abuse conviction that made it illegal for him to possess a firearm. Furthermore, defendant's argument is again foreclosed by *Lewis* because defendant cannot now attempt to collaterally attack the validity of his 2004 felony conviction, for the reasons explained above.

Defendant next argues that the current indictment must be dismissed because back in 2004 a federal prosecutor made a statement about looking into dismissing the charge against defendant at that time. (Doc. 95-1, at 3-4). Again, this argument is foreclosed by *Lewis*. Defendant cannot collaterally attack the validity of his prior conviction. If he believed he was wrongfully convicted, he could have taken steps to challenge the validity of that conviction prior to coming into possession of a firearm again, which led to the charges in this case. He cannot knowingly possess a firearm after being convicted of a felony offense and then argue that the conviction is invalid.

Finally, defendant attempts again to collaterally attack his prior conviction by claiming that he was "overmedicated" at the time he pled guilty to the felony offense in 2004. (Doc. 95-1, at 4). The Court need not wade into a retrospective competency determination regarding defendant's prior conviction. Again, *Lewis* forecloses a collateral attack on a prior conviction. Defendant could have attempted to challenge his prior conviction, but did not do so. It is too late to do so now.

Doc. No. 99 at 1-4.

4

## IV. DISCUSSION

Because neither party objects to the R&R, I have reviewed it for clear error. Based on that review, I am not "left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573-74. Instead, I find that Judge Williams thoroughly and accurately applied the relevant law to the facts of record. As such, I hereby **accept** the R&R without modification and **deny** defendant's motion to dismiss.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** United States Magistrate Judge C.J. Williams' March 1, 2016, report and recommendation (Doc. No. 99) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Williams' recommendation, defendant's motion (Doc. No. 95) to dismiss is **denied**.

**IT IS SO ORDERED.**

**DATED** this 23rd day of March, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE